ELECTRONICALLY FILED
Pulaski County Circuit Court
Terri Hollingsworth, Circuit/County Clerk
2021-Oct-11 16:58:02
60CV-21-6413
C06D06 : 4 Pages

IN THE CIRCUIT COURT OF PULASKI COUNTY, ARKANSAS
___ DIVISION

ANTONIO DUKE, Individually, and all others
similarly situated.                                                    PLAINTIFFS

VS.                         CASE NO. _____

POPLAR GROVE OPERATIONS, LLC, D/B/A
THE GREEN HOUSE COTTAGES OF POPLAR GROVE              DEFENDANT

## CLASS-ACTION COMPLAINT

COMES NOW THE PLAINTIFF(s), by and through counsel, SUTTER & GILLHAM, P.L.L.C.; and, who for this Complaint, state:

### PARTIES AND JURISDICTION

1. Plaintiff is a citizen and resident of Hot Spring County, Arkansas.

2. Defendant, **POPLAR GROVE OPERATIONS, LLC, D/B/A THE GREEN HOUSE COTTAGES OF POPLAR GROVE,** is a domestic, for-profit, limited liability company, doing business in Pulaski County, Arkansas, who is an industry substantially impacting interstate commerce.

3. All events forming the basis for this lawsuit took place in Pulaski County, Arkansas.

4. This action is brought for a failure to pay overtime and retaliation for having complained of failure to pay overtime, in violation of the Fair Labor Standards Act and the Arkansas Minimum Wage Act, for an amount exceeding that required for diversity jurisdiction.

5. Accordingly, this court has subject matter and personal jurisdiction and venue is proper.

### GENERAL ALLEGATIONS OF FACTS

6. Plaintiff worked for Defendant as a CNA.

7. Plaintiff regularly worked as much as 80 hours a week.

8. Defendant had a scheme in which the manner of payment made it very difficult or impossible to tell how many hours one was being paid for and at what rates one was being paid.

9. Plaintiff was regularly working double shifts and 80 or more hours a week.

10. Defendant would require Plaintiff to work through breaks and lunches. Yet he would not be paid for those breaks and lunches. He and others would be clocked out as though they had taken those breaks, and not paid.

11. Plaintiff noted that he was not getting paid at overtime rates for hours that he worked over 40 in a week.

12. Accordingly, Plaintiff complained up the chain of command and stated that he should be getting paid overtime rates.

13. Defendant then falsely claimed that they were in a "program" that allowed them not to pay overtime rates.

14. Plaintiff then went and complained to the Department of Labor, who did an investigation.

15. In the Summer of 2020, within a very short time after that investigation, Plaintiff was terminated. He was never paid for all of his time or at appropriate rates.

16. Defendant knew who had reported them to the Department of Labor.

## COUNT I - CLAIMS

17. Plaintiff realleges the foregoing as if fully stated herein.

18. By virtue of the facts alleged herein Plaintiffs rights under the FLSA and AMWA have been violated for failure to pay overtime or even full time rates, and, under FLSA, by

retaliating against him for having complained about violation of the FLSA, reporting violation of the FLSA, opposing violation of the FLSA, and participating in an investigation.

19. By virtue of the facts alleged herein, Plaintiff has lost wages and benefits.

20. By virtue of the facts alleged herein, Defendant's conduct has been in intentional, willful, and malicious violation of the law, meriting liquidated and punitive damages.

## COUNT II

21. Plaintiff realleges the foregoing as if fully stated herein.

22. By virtue of the facts alleged herein Defendant has failed to pay last wages

23. By virtue of the facts alleged herein, Plaintiff is entitled to an amount equal to his last wages.

## COUNT III

24. Plaintiff realleges the foregoing as if fully stated herein.

25. By virtue of the facts alleged herein, Defendant has committed the torts of conversion and fraud.

26. By virtue of the facts alleged herein, Plaintiff has lost wages and benefits, and endured mental, emotional, and physical suffering.

27. By virtue of the facts alleged herein, Defendant's conduct has been in intentional, willful, and malicious violation of the law, meriting liquidated and punitive damages.

## CLASS ALLEGATIONS

28. Plaintiffs restate paragraphs 1 -27 herein.

29. Defendant has a policy and custom of not paying overtime, reducing hours worked falsely, concealing rates of pay from employees, and was not paying employees at time and a half rates for hours worked forty, up until at least around May of 2020. There policies and practices

were applied to CNAs that worked at the same facility as Plaintiff, doing the same job as him, in 2018, 2019 and 2020.

30. Defendant employs more than 23 CNAs.

31. Defendant failed to maintain accurate time and pay records as a matter of policy and practice.

32. All of these actions violated the FLSA and AMWA.

33. These violations of the FLMS and AMWA were willful as the responsibilities to not engage in this behavior are clearly set out in regulations.

## JURY DEMAND

34. Plaintiff(s) demand a trial by jury.

## PRAYER

**WHEREFORE, PLAINTIFF PRAYS FOR** lost wages and benefits, liquidated damages, punitive damages, compensatory damages, injunctive relief cleansing his file, requiring a positive reference, declaring him rehirable, front pay or reinstatement, appointment of a monitor and reports to that monitor regarding overtime compliance, posting of this verdict and lawsuit, an apology, a reasonable attorneys' fees and costs, and a jury trial on all matters so triable.

Respectfully submitted,

**SUTTER & GILLHAM, P.L.L.C.**
Attorneys at Law
P.O. Box 2012
Benton, AR 72018
501/315-1910 Office
501/315-1916 Facsimile
Attorneys for the Plaintiff

By: */s/ Lucien R. Gillham*
Lucien R. Gillham, Esq. ARBN 99-199
lucien.gillham@gmail.com